**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy Leigh Pickett,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-18-00065-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Cindy Leigh Pickett's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 16, "Pl.'s Br.") and Defendant Social Security Administration Commissioner's Opposition (Doc. 17, "Def.'s Br."), and Plaintiff's Reply (Doc. 18, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 12, R.) and now reverses the Administrative Law Judge's decision (R. at 20–36) as upheld by the Appeals Council (R. at 1–3).

**I.    BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on July 24, 2013 for a period of disability beginning May 5, 2012. (R. at 21.) Plaintiff's claim was denied initially on January 17, 2014 (R. at 21), and on reconsideration on August 13, 2014 (R. at

21). Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on February 2, 2016. (R. at 21.) On September 29, 2016, the ALJ denied Plaintiff's Application. (R. at 36.) On November 9, 2017, the Appeals Council denied a request for review of the ALJ's decision. (R. at 1–3.) On January 8, 2018, Plaintiff filed this action seeking judicial review of the denial.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following alleged impairments: neuropathy of both feet; headaches; unspecified myositis, myalgia, and arthralgia; lumbargo; cervicalgia; obesity; anxiety; depression; diabetes mellitus; insomnia; and radial nerve palsy. (R. at 22–23, 24.)

Ultimately, the ALJ determined that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404." (R. at 23.) The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b)" in a role such as booth cashier, companion, or gate guard. (R. at 25, 35.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of

supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III. ANALYSIS**

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred by rejecting the opinion of Plaintiff's primary care physician, Dr. Carl Ferguson; and (2) the ALJ erred by rejecting Plaintiff's symptom testimony. (Pl.'s Br. at 1–2.)

### A. The ALJ Erred in Rejecting the Opinion of Plaintiff's Primary Care Physician

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.*

Given this hierarchy, if the treating physician's evidence is controverted by a nontreating or nonexamining physician, the ALJ may disregard it only after "setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Here, the ALJ rejected the opinion of Dr. Carl Ferguson—who served as Plaintiff's primary care physician for twenty years—after finding it was "not consistent with the medical evidence of record, including [Dr. Ferguson's] own treatment notes." (R. at 32.) For the following reasons, the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Ferguson's opinion.

The record does not support the ALJ's conclusion that Dr. Ferguson's opinion was inconsistent with his own treatment notes. Over the course of Dr. Ferguson's treatment relationship with Plaintiff, he diagnosed Plaintiff with, among other things, chronic neuropathy pain in her feet, uncontrolled diabetes, neck and back pain, fibromyalgia, anxiety, fatigue, insomnia, and depression. (R. at 1115.) Dr. Ferguson prescribed a number of drugs to treat these ailments, including Percocet (R. at 2178), MS Contin (R. at 2160, 2178),

- 4 -

Lorazepam (R. at 1398), and Soma (R. at 1329). Despite his efforts to relieve Plaintiff's symptoms, Dr. Ferguson opined that Plaintiff could sit less than two hours and stand between four and six hours during an eight-hour workday. (R. at 1115.) Further, Plaintiff would need to alternate between sitting, standing, and walking every twenty minutes and rest fifteen minutes after every position change. (R. at 1115, 2199.)

In concluding that Dr. Ferguson's opinion was inconsistent with his own treatment notes, the ALJ noted only that Dr. Ferguson's physical examinations of Plaintiff revealed "low back tenderness, some diminished sensation in the [Plaintiff's] lower extremities, and occasional joint pain, but normal strength, tone, and normal range of motion." (R. at 32.) The ALJ fails to explain how findings of normal strength, tone, and range of motion were inconsistent with Dr. Ferguson's opinion, and he fails to consider the positive signs and symptoms that led Dr. Ferguson to diagnose Plaintiff with chronic back pain—other physicians came to a similar diagnosis (R. at 326, 1202, 2173–74, 2186)—and prescribe Percocet, MS Contin, Lorazepam, and Soma to treat it. Moreover, Dr. Ferguson diagnosed Plaintiff with numerous pain-causing ailments, like fibromyalgia, and his opinion regarding Plaintiff's limitations accounted for the symptoms associated with each of his diagnoses. Accordingly, the ALJ's conclusion that Dr. Ferguson's opinion was inconsistent with his own treatment notes was not a specific and legitimate reason based on substantial evidence in the record for rejecting Dr. Ferguson's opinion.

Likewise, the record does not support the ALJ's conclusion that Dr. Ferguson's opinion was inconsistent with the medical evidence of record. (R. at 32–33.) The ALJ, in so concluding, noted only that "imaging studies reflected cervical and lumbar disc bulges without nerve encroachment, and physical exams documented her decreased lower extremity sensation, but normal strength and tone." (R. at 32–33.) Again, the ALJ not only fails to explain how normal strength and tone and the absence of nerve encroachment undermine Dr. Ferguson's opinion, but also disregards substantial evidence that Plaintiff's lower back caused her chronic pain (R. at 326, 1202, 2173–74, 2186), for which surgery was the

recommended treatment (R. at 1134). Accordingly, this was not a valid reason for rejecting Dr. Ferguson's opinion.

### B. The ALJ Erred in Rejecting Plaintiff's Symptom Testimony

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen*, 80 F.3d at 1281)). Here, the ALJ rejected Plaintiff's symptom testimony after reciting Plaintiff's medical history (R. at 26–31); noting two instances in which Plaintiff's symptoms momentarily subsided while she was distracted or outside the presence of doctors (R. at 28–29, 30); finding Plaintiff did not suffer a stroke (R. at 26), as Plaintiff alleged (R. at 56); and concluding Plaintiff did not require an assistive device at all times since May 2012 for ambulation (R. at 33–34). This assessment did not provide clear and convincing reasons for rejecting Plaintiff's symptom testimony.

"[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a [Plaintiff's] testimony by simply reciting the medical evidence in support of his or her [RFC] determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Rather, the ALJ is required to "specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Id.* Lastly, "[A]ssessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizon v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (alteration in original) (quoting SSR 16–3p (2016)). Here, a majority of the ALJ's decision was devoted to reciting Plaintiff's medical history, and what little specific testimony the ALJ did cite was irrelevant to Plaintiff's complaints

of chronic pain. Accordingly, the ALJ failed to provide convincing reasons for rejecting Plaintiff's symptom testimony.

### C. Credit-as-True Rule Does Not Apply

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than further proceedings. (Pl.'s Br. at 29–30.) The credit-as-true rule only applies in cases that raise "rare circumstances" that permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler*, 775 F.3d at 1099–1102. These rare circumstances arise when three elements are present. First, the ALJ must fail to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and further administrative proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

The Court has reviewed the record and agrees with Defendant that the record is not fully developed and that uncertainty remains as to whether Plaintiff is disabled under the Act. The reasons the ALJ provided for rejecting Dr. Ferguson's opinion and Plaintiff's symptom testimony were not legitimate. In light of this, the ALJ must reanalyze each.

According, the Court will remand this matter to the ALJ for further development of the record and a disability determination.

**IT IS THEREFORE ORDERED** remanding this matter to the Social Security Administration for further proceedings consistent with this Order. Specifically, the ALJ must reanalyze Dr. Ferguson's opinion and Plaintiff's symptom testimony.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 27th day of August, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge